**IN THE COURT OF APPEALS OF IOWA**

No. 3-1177 / 13-0815
Filed March 12, 2014

**IN RE THE MARRIAGE OF AMANDA MARIE GRAY
AND SPENCER STEPHEN GRAY**

**Upon the Petition of
AMANDA MARIE GRAY,**
        Petitioner-Appellee/Cross-Appellant,

**And Concerning
SPENCER STEPHEN GRAY,**
        Respondent-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mark J. Smith,

Judge.


        The parties appeal the physical care provisions of the decree dissolving

their marriage.  **AFFIRMED.**


        Dennis D. Jasper, Bettendorf, for appellant/cross-appellee.

        Lori L. Klockau, Daniel L. Bray, and David M. Cox of Bray & Klockau,

P.L.C., Iowa City, for appellee/cross-appellant.


        Heard by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Spencer Gray and Amanda Gray both appeal the physical care provisions of the decree that dissolved their marriage.  Spencer asserts the court should have placed the physical care of their child with him or at least ordered shared care.  He also asks that his visitation be increased if the physical care arrangement is not modified.  Finally, he seeks an increase in the award of trial attorney fees and asks for appellate attorney fees.  Amanda claims the trial court correctly ordered physical care to be placed with her; however, she seeks to modify the visitation arrangement by asking that the visitation between Spencer and the child be supervised and that Spencer be ordered into counseling.  She likewise seeks an award of appellate attorney fees.

**I.  Background Facts and Proceedings.**

By the time of the dissolution trial in March of 2013, the parties had been married for over five years but separated for the last year.  Amanda is a private pilot, and Spencer manages a warehouse.  They have one child together, who was under three years old at the time of trial.  Amanda's job requires her to often be gone from home for days at a time.  During their marriage, Spencer cared for the child while Amanda was away, and they both cared for the child when Amanda was home.  Spencer has a five-day-a-week job from 7:00 a.m. to 3:30 p.m.

The parties separated in January of 2012, and during the pendency of the dissolution proceedings, Amanda made allegations of inappropriate behavior against Spencer.  After a three-day trial, the district court found there to be a "paucity of evidence" to support the allegations.  It found both parties had

engaged in negative behavior without considering the impact it could have on their child. Upon careful weighing of the evidence, the court issued its decree placing the physical care of the child with Amanda. Spencer was granted visitation every other weekend and every Wednesday overnight. The parties were ordered to alternate the holiday visitation and each was permitted two weeks of uninterrupted time in the summer. In addition, when Amanda is required to be gone for more than forty-eight hours due to her employment, Spencer is to have the care of the child during that time. When Amanda returns, she is then permitted to have at least three days with the child even if it conflicts with Spencer's normal visitation schedule. The court ordered Spencer to pay child support in accordance with the child support guidelines and ordered Amanda to pay $5000 of Spencer's trial attorney fees.

Both parties appeal.

## II. Physical Care.

We review dissolution of marriage cases de novo as they are heard in equity. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). We examine the entire record and adjudicate anew the issues before us, though we give weight to the findings of the district court, especially its determinations of credibility. *Id.* Our only concern in determining child custody and care is the best interest of the child. *In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007). We try to decide which parent will place the child "in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007).

After our review of the record from trial and the arguments made by counsel in their appellate briefs and at oral argument, we conclude the district court's decision on physical care in this case should be affirmed. We acknowledge the animosity and lack of trust between these two parties makes shared care impossible. We make no changes to the placement, scheduling of visitation, or conditions imposed. Of course, the parties are free to seek modification of the decree in the future should there be a substantial change in circumstances.

## III. Attorney Fees.

**A. Trial Attorney Fees.** Spencer seeks additional trial attorney fees. He asserts he incurred over $38,000 in legal fees at the trial court level. The trial court determined Amanda made over $140,000 annually, while Spencer made $77,000. The district court ordered Amanda to pay $5000 of Spencer's trial attorney fees. The trial court has discretion over the award of trial attorney fees. *In re Marriage of Applegate*, 567 N.W.2d 671, 675 (Iowa Ct. App. 1997). Attorney fees are awarded based on the respective abilities of the parties to pay and on whether the fees are fair and reasonable. *Id.* Spencer must show an abuse of the district court's discretion before we will interfere with the award. *See id.* We find no abuse of discretion in this case.

**B. Appellate Attorney Fees.** Both Spencer and Amanda seek an award of appellate attorney fees. The award of appellate attorney fees rests in our discretion. *Id.* We consider "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* After

considering these factors, we decline to award appellate attorney fees in this case. Both parties appealed the district court decision, and both have the ability to pay their own fees.

Costs on appeal are assessed one-half to each party.

**AFFIRMED.**